Case Number: 13-17132

IN THE UNITED STATES COURT OF APPEAL
FOR THE NINTH CIRCUIT

---

JOHN TEIXEIRA; STEVE NOBRIGA; GARY GAMAZA; CALGUNS FOUNDATION, INC.; SECOND AMENDMENT FOUNDATION, INC.; and CALIFORNIA ASSOCIATION OF FEDERAL FIREARMS LICENSEES,

Plaintiffs and Appellants,

v.

COUNTY OF ALAMEDA, ALAMEDA BOARD OF SUPERVISORS (as a policy making body), WILMA CHAN in her official capacity, NATE MILEY in his official capacity, and KEITH CARSON in his official capacity,

Defendants and Appellees.

---

On Appeal From The United States District Court
For The Northern District of California
(Case Number: 3:12-CV-03288-WHO)

---

# APPELLANTS' APPLICATION FOR RELIEF FROM FAILURE TO TIMELY FILE OPENING BRIEF AND DECLARATION OF CHARLES HOKANSON

Donald E.J. Kilmer, Jr., (CASB No. 179986)
Law Offices of Donald Kilmer, APC
1645 Willow Street, Suite 150
San Jose, California 95125
Telephone: (408) 264-8489
Facsimile: (408) 264-8487

Charles W. Hokanson (CASB No. 163662)
4401 Atlantic Ave, Suite 200
Long Beach, California 90807
Telephone: (562) 316-1476
Facsimile: (562) 316-1477

Attorneys for Plaintiffs and Appellants

I.  **Introduction**

Appellants request relief from their counsel's failure to timely file their opening brief in this matter. The brief was filed late – about four and a half hours late – due to errors by their counsel, Charles Hokanson, and his inability to complete it by the deadline. He expected to meet the midnight deadline for filing, which is why he did not request an additional extension before the clerk's office closed on Friday, March 14, 2014, but he could not. Importantly, the failure was counsel's, and counsel's alone.

Relief from default is warranted here so that Appellants are not penalized for their lawyer's mistake. Moreover, Appellees will suffer no prejudice if the court grants relief. They prevailed below so have not materially changed position as a result of the judgment that is on appeal. And, while the filing delay was minimal such that it probably will not affect Respondents' ability to timely file their brief in opposition under their current deadline, Appellants are more than willing to stipulate to any necessary extension of time that Respondents might request to ameliorate any actual or perceived prejudice.

If the court believes that some penalty is necessary here, it should impose sanctions upon Mr. Hokanson. As detailed in his declaration attached hereto, it was his responsibility to timely file Appellants' opening brief and it was his failure to do so. Appellants are blameless. Thus, relief should be granted to Appellants, this appeal should go forward and, at most, Mr. Hokanson should be sanctioned.

II. **Summary of Relevant Facts**

This is an appeal of a judgment in favor of Respondents that was entered after they moved to dismiss all of Appellants' claims for relief. (*Hokanson Dec.,* ¶ 2.) Appellants timely filed a notice of appeal and the due date for their opening brief was original set for the end of

January 2014.  (*Id.,* ¶ 3.)  In Mid-January, Appellants obtained an "automatic" extension of 30 days time to file their brief. (*Id.*)  The new deadline was set for February 28, 2014.  (*Id.*)

Appellants' counsel fully intended to file their brief by the new deadline.  (*Hokanson Dec.,* ¶ 3.)  He had no intention of asking for an additional extension and he was working on the brief to file it on time.  (*Id.*)  However, in February, counsel contracted a severe case of the flu that kept him out of the office for about two weeks and precluded him from working on the brief.  (*Id.,* ¶ 4.)  He therefore timely filed a formal request for an additional extension of 15 days on February 21, 2014.  (*Id.,* ¶ 5.)  The court granted that request shortly after it was filed.  (*Id.*)  A new deadline of Friday, March 14, 2014, was set for filing of Appellants' opening brief.  (*Id.*)

Appellants' counsel worked diligently to prepare their opening brief and to catch up on other casework that piled up while he was out.  (*Hokanson Dec.,* ¶ 6.)  He was confident, even into the evening of the due date for Appellants' brief, that he would be able to finalize and file the brief before the midnight deadline for doing so. (*Id.*)  So, he did not file an additional request for an extension before the clerk's office closed on the due date and he worked diligently into the evening to finish the brief.  (*Id.*)

Late into the night of March 14, counsel began to have problems completing the brief.  Some of those problems were mechanical in nature and some were analytical.  The mechanical problems resulted from the fact that co-counsel had used a different software program to prepare potions of the brief and Mr. Hokanson ran into problems converting that work in to the software program that he used.  The analytical problems arose when Mr. Hokanson realized that he had not accounted for certain issues and needed to develop additional arguments to address them.  Mr. Hokanson strove diligently to address those issues in the hope that he could still meet the midnight deadline.  But he simply could not.  Ultimately, he was able to complete the opening

brief and submit it to the court by electronic filing at 4:19 a.m. on Saturday, March 15, 2014 – about four and a half hours late.[1]

### III. Relief Should Be Granted To Avoid Prejudice to Appellants And To Permit The Appeal to Be Heard On The Merits

Although an appeal may be dismissed, pursuant to Federal Rule of Appellate Procedure 31(c) and Circuit Rule 31-2.3, for failure to timely file an appellant's opening brief, that result is not mandatory. An appellant may obtain relief from such a failure even after its deadline passes. Specifically, this court can "extend the time prescribed by these rules … or may permit an act to be done after that time expires," provided that "good cause" is shown for the requested relief. F.R.A.P. 26(b). "'Good cause' is a non-rigorous standard that had been construed broadly across procedural and statutory contexts." *Ahanchian v. Xenon Pictures, Inc.*, 624 F. 3d 1253, 1259 (9th Cir. 2010). And, it certainly exists here.

*Ahanchian* is the most instructive case as to when good cause exists for a court to excuse a late filing, even though it was decided under the analogous rules set out in the Federal Rules of Civil Procedure (rather than the Federal Rules of Appellate Procedure). In that case, a party was faced with a short deadline to oppose a motion for summary judgment. He applied *ex parte* for an extension of time, but that motion was denied. Then, he was apparently confused about the date that his opposition was due and so filed it a few days after the actual deadline. When he realized his mistake, he submitted a new *ex parte* application seeking to have the court accept the late filed opposition. But it was denied. Summary Judgment was entered against him.

On appeal, the Ninth Circuit reversed the judgment and found that the trial court should have granted relief for the failure to timely file the opposition. It found that a four-factor

---

[1] While preparing this motion, Appellants' counsel received a notice from the clerk of the court noting that the brief was late and directing him to seek relief for that failure from the court. This motion was already prepared at the time of that notice.

equitable test should have been applied to the request.  The factors that should have been employed were : "(1) the danger of prejudice to the opposing party;  (2) the length of the delay and its potential impact upon the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Id. at* 1261.   The Court of Appeals applied these guidelines and found that relief was warranted.

The Court of Appeals began by noting that the governing statute was "remedial in nature and must be liberally construed." *Id.*  It then went on to apply the various factors.  Of paramount importance, it found that the opposing party would not have been prejudiced if the application for relief had been granted because any such prejudice could be ameliorated by allowing additional time for that party's responsive papers.  Then, it noted that the length of the delay pointed in favor or relief since "[it] was a mere three days." *Id.*  Applying the third factor, it found that while "a failure to apply a clear local rule may be a weak justification," it was sufficient to point towards relief. *Id.*  Finally, it found no bad faith involved and even stated "[w]e have found good faith in situations where attorneys acted far less diligently and conscientiously." *Id.*

The rules set out in *Ahanchian* apply with even more force here.  Respondents will not be prejudiced by the court's acceptance of Appellants' opening brief.  All that will happen is that the appeal will be decided on the merits, which is the desired outcome for all concerned.  And, even if there were such prejudice, it can be ameliorated by allowing Respondents their own extension of time.   The length of delay here was minimal, amounting to a few hours.  And, there can be no question of counsel's mistakes and his good faith.  Accordingly, relief should be granted.

## IV. If The Court Believes That It Must Take Some Action Here, It Should Sanction Appellants' Counsel Rather Than Dismiss The Appeal

If the court feels that it must take some disciplinary action for the failure to timely file Appellants' opening brief, it should impose monetary sanctions on Appellants' lead counsel, Charles Hokanson. It is permitted to do so pursuant to Circuit Rules 31–2.3 and 42–1. As Rule 42-1 states: "In all instances of failure to prosecute an appeal to hearing as required, the Court may take such other action as it deems necessary, including the imposition of disciplinary and monetary sanctions on those responsible for prosecution of the appeal."

While Appellants' counsel's conduct was not particularly egregious, it was deficient. The delay in filing Appellants' opening brief resulted solely from counsel's inability to finish his work by the deadline. Appellants themselves had nothing to do with it. They should therefore not be punished. Any punishment should be laid upon Appellants' lead counsel alone. Thus, if the court believes that it should impose some penalty, that penalty should be directed to counsel alone.

## V. Conclusion

For all the above reasons, the court should grant relief and consider Appellants' late-filed opening brief. A mistake was made by Appellants' counsel. Appellants should not be punished for that, particularly where there can be no prejudice to Respondent or, at least, where any negative affects to them can be remedied by granting them additional time to file their responsive brief. If the court believed that it must take some action here to ensure respect for its rules, it should sanction Appellants' counsel. Then, it should proceed to consider the appeal on its merits.

Dated: March 17, 2014                    /s/ *Charles W. Hokanson*
                                                                                    Charles W. Hokanson
                                                                                   Attorney for Plaintiffs and Appellants

### DECLARATION OF CHARLES HOKANSON

I, Charles W. Hokanson, declare as follows:

1. I am an attorney at law duly licensed to practice before the bar of this court and am counsel of record herein to each of the named Appellants. I have personal knowledge of the facts set forth herein and if called as a witness, I could and would testify competently thereto under oath.

2. This is an appeal of a judgment entered against Appellants after Appellees prevailed on a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedures 12(b)(6). I am the attorney that is responsible for drafting and filing Appellants' opening brief in this matter.

3. Appellants' timely filed their notice of appeal and the court set the due date for Appellants' opening brief for January 29, 2014. However, on January 19, 2014, I submitted an electronic request for thirty day extension of time. My request was granted and the new due date for Appellants' opening brief was set for February 28, 2014. I did not then expect I would need any additional time to prepare and file the opening brief.

4. At the time of the request for an extension of time, I had already begun working diligently on Appellants' opening brief. However, on approximately February 5, 2014, I began to experience symptoms of the annual flu that has hit the southern California area. I became ill and was out of my office for approximately two full weeks as a result.

5. I therefore applied to the court for two additional weeks, or until March 14, 2014, to file Appellants' opening brief in this matter. That request was granted.

6. I worked diligently thereafter to prepare Appellants' opening brief and to catch up on other casework that piled up while I was out. I was confident, even up until the evening of the

due date, that I would be able to finalize and file Appellants' opening brief before the midnight deadline to do so. As such, I did not file an additional request for an extension before the clerk's office closed on the due date and I worked diligently into the evening to finish the brief.

7. Late in the night of March 14, I began to have problems completing the brief. Some of those problems were mechanical in nature and some were analytical. The mechanical problems resulted from the fact that my co-counsel had used a different software program to prepare potions of the brief and I unexpectedly ran into problems converting that work in to the software program that I used. The analytical problems arose when I realized that I had not accounted for certain issues and I needed to develop additional arguments to address them. I strove diligently to address those issues in the hope that I could still meet the midnight deadline. But I simply could not. Ultimately, I was able to complete the opening brief and submit it to the court by electronic filing at 4:19 a.m. on Saturday, March 15, 2014.

8. This morning (March 17, 2014), at approximately 10:30 a.m., I contacted opposing counsel by electronic mail and explained to her that I had missed the deadline for filing of Appellants' opening brief and that I would be filing an application with the court seeking relief for the untimely filing. I asked her to get back to me if she had a position on whether such an application should be granted or not. As of the time of filing this application I had not heard back from her.

I declare under penalty of perjury of perjury under the laws of the United States, that the foregoing is true and correct.

Executed this 15th day of March, 2014

    /s/ *Charles W. Hokanson*
Charles W. Hokanson
Attorney for Plaintiffs and Appellants

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on March 17, 2014 .

I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

    /s/ *Charles W. Hokanson*
Charles W. Hokanson
Attorney for Plaintiffs and Appellants